Kettner Law Corporation
Marc Applbaum (SBN 222511)
2150 W Washington Street, Suite 104
San Diego, CA 92110
Tel: (619) 756-7300
Fax: (619) 363-3944
marc@kettnerlaw.com

Attorneys for Plaintiff Rodney Stowers

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rodney Stowers,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, San Diego County Sheriff WILLIAM GORE, Sheriff's Deputy CABRERA and DOES 1-50,<br>'<br><br>Defendants. | Case No. **'17CV1387 W   KSC**<br><br>**COMPLAINT FOR DAMAGES AND VIOLATION OF CIVIL RIGHTS**<br><br>**(1) 42 U.S.C. §1983 – Excessive Force**<br>**(2) 42 U.S.C. § 1983 – Unlawful Arrest**<br>**(3) False Imprisonment**<br>**(4) Battery**<br>**(5) Negligence**<br>**(6) Negligent Hiring, Retention, and Control**<br>**(7) 42 U.S.C. § 1983 - Retaliation**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.      On or around September 27, 2016 El Cajon police officers shot an African American man after he raised both hands clasping an object in a manner that looked as if he was holding a gun.

2.      According to the news reporters and witnesses the police officers opened fire on a seemingly irrational unarmed man who allegedly failed to comply with their commands at an East County strip mall. The man later died in a hospital from his injuries.

3.      The American Civil Liberties Union of San Diego and Imperial Counties released a statement on the shooting. According to this statement the Union received disturbing reports from a number of witnesses that police officers confiscated cell phones from people who witnessed the shooting in violation of the Fourth Amendment and the First Amendment under the U.S. Constitution and analogous rights under the California Constitution.

4.      On or around Wednesday, September 28, and into or around the early morning hours Thursday, September 29, a crowd of peaceful demonstrators went to the streets of El Cajon to drive public attention to the killing and demand the truth and transparency form the law enforcement bodies.

5.      On or around September 29, 2016, Mr. Rodney Stowers was attending the peaceful protest in El Cajon, were he was arrested and brutally beaten by a police officer.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343, as this matter arises under 42 U.S.C. §1983 and the Fourth Amendment to the Constitution.

7.      The Court has personal jurisdiction over all Defendants in this action, as all Defendants are domiciled in the State of California.

8.      Venue is proper in this District under 28 U.S.C. §1391, as the events giving rise to this action occurred in the County of San Diego, which is located within the Southern District of California.

## PARTIES

9.     Plaintiff is a United States Citizen, and a California resident, who is domiciled in the County of San Diego.

10.     Defendant County of San Diego ("County") is a municipal entity duly organized under California law.   The San Diego Sheriff's Department ("Sheriff's Department") is a department of the County and is the chief law-enforcement entity for the County.

11.     At all times relevant to this Complaint, defendant William Gore ("Gore") was the Sheriff of San Diego County and, as such, is a final policymaker for the Sheriff's Department.   He is responsible for training and supervising sheriff's deputies under his command.   He is sued in his official capacity.

12.     At all times relevant hereto, Defendant Cabrera ("Deputy Cabrera"), an individual, was employed by the Sheriff's Department as a deputy sheriff.   He is sued in his individual capacity.

13.     Defendant   DOES   1-50   are   unknown   individuals,   corporations, municipalities, and/or other legal entities whose true names, identities and capacities are unknown at this time.

14.     Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named DOE Defendants is responsible in some manner for the acts, omissions, and damages alleged herein.   Plaintiff is unaware of the true names and capacities of the DOE Defendants, and, therefore, sues these Defendants under such fictitious names.   Plaintiff will seek leave to amend this Complaint when their true names and capacities have been ascertained.

15.     Plaintiff is informed and believes that, at all times relevant hereto, Defendants were each the agents and/or employees of each other, and in doing the things alleged, were acting within the scope of their agency and/or employment and with the permission of each other.   Plaintiff is informed and thus believes Defendants were each responsible in some way for the harms alleged herein.

16.     At all times relevant hereto, Defendants were acting under color of state law, including, for example, the statutes, ordinances, regulations, policies, customs, and practices of the State of California, the County, and the Sheriff's Department.

**PRIOR MISCONDUCT BY SHERIFF'S DEPARTMENT**  strike this ?

17.     Over the last 15 years, Sheriff's Department deputies have been involved in numerous incidents of wrongful arrest and excessive force.  Many of these incidents are inadequately investigated and the deputies and officers involved are rarely, if ever, disciplined as a result of their misconduct. These cases demonstrate a pattern of abuse by Sheriff's Department deputies, and a failure by Gore, and other supervisory and/or policy-making employees and officials within these organizations to properly monitor, supervise, and train their subordinate deputies and officers.

18.     Several recent examples are illustrative of this pattern of misconduct by the Sheriff's Department.

19.     In January 2014, Sheriff's Department deputies used excessive force while attempting to serve an arrest warrant on Michael Napier.  During the incident, two (2) Sheriff's Department deputies fired approximately 15 rounds at Mr. Napier, who was unarmed at the time.  Seven (7) rounds struck Mr. Napier, resulting in Mr. Napier's death. Two (2) additional Sheriff's deputies who were present and did not fire their weapons. Following the shooting, Sheriff's deputies then made false statements in an attempt to cover up their wrongdoing.

20.     On June 26, 2014, Sheriff's deputies responded to a complaint that a group of men had threatened a woman. A deputy spotted Marcial Torres, whom the deputy believed matched the description of the suspect.  The deputy then approached Mr. Torres and, despite the fact that Mr. Torres was unarmed and was not in any way threatening the deputy, the deputy deployed his TASER on Mr. Torres repeatedly and excessively. Mr. Torres suffered a heart attack as a result of the deputy's excessive use of the TASER. Despite the fact that Mr. Torres was not breathing, was blue in the face, and was foaming from the mouth following the deputy's use of the TASER, the deputy, along with other

deputies who were present, failed to render <u>any</u> aid to Mr. Torres.

21. Vista Paramedics eventually arrived, resuscitated Mr. Torres, and transported him to Tri-City Hospital. Mr. Torres remained in critical condition for several weeks, falling into a vegetative state. The multiple electrical charges from the TASER resulted in permanent damage to Mr. Torres's kidneys and brain, and forced doctors to amputate Mr. Torres's legs and several of his fingers. Following the incident, Sheriff's deputies made false statements in an attempt to cover up their wrongdoing.

22. On April 13, 2015, Sheriff's Deputies responded to a call for assistance placed by an as-of-yet publicly unidentified East County man. When Sheriff's Deputies arrived, they wrongfully seized this male and used excessive force against him (including repeatedly tasing him). The Deputies then hog-tied him. The male then suffered a heart attack and subsequently died.

23. On May 27, 2015, Sheriff's Deputies tazed, shot, and killed Simon D. Hubble, an individual who was considered suicidal and who may have been armed with a screwdriver.

## FACTUAL ALLEGATIONS

24. On or around September 29, 2016, Mr. Rodney Stowers was attending a peaceful protest in El Cajon. As the peaceful protest continued into the night the El Cajon Police Department attempted to disperse the protestors. As Deputy Cabrera approached the group where Mr. Stowers was standing, Mr. Stowers put his hands above his head as the police Officer shouted and told him to leave the area.

25. Without provocation or without any warning, Deputy Cabrera grabbed Mr. Stowers while he was trying to leave, walking slowly with his hands above his head. Deputy Cabrera grabbed Plaintiff's wrists, twisted Plaintiff's limbs, forced Plaintiff to the ground, pressed Plaintiff's face into the ground, and slammed Plaintiff's face and body to the ground. After grabbing Mr. Stowers, and throwing him to the ground in a body-slamming fashion Officer began beating his mercilessly, including, hitting Plaintiff in side areas of his upper body with steel toed footwear.

26.     All the while, Mr. Stowers displayed no force or ill-will toward the Officer.

27.     Mr. Stowers suffered significant injures as a result which has required him to consult medical professional and receive medical treatment. The full extent of Mr. Stowers' injuries are not known yet; however, Mr. Stowers was told by a medical doctor that surgery is the only path which will lead to a possible rehabilitation.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Excessive Force
### (Against Defendants Deputy Cabrera, County, and DOES 1-50)

28.     Plaintiff hereby incorporates the foregoing paragraphs by reference as if the same had been set forth herein in full.

29.     The Fourth Amendment to the United States Constitution states:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

30.     The Fourth Amendment includes, but is not limited to, the right of an individual to be secure in his/her person and to be free both from illegal seizure of his/her person and from the use of excessive force against him/her.

31.     Defendants Deputy Cabrera, and DOES 1-10, violated the Fourth Amendment when they used unreasonable and excessive force against Plaintiff by, inter alia, grabbing Plaintiff's wrists, twisting Plaintiff's limbs, forcing Plaintiff to the ground, pressing Plaintiff's face into the ground, and slamming Plaintiff's face and body to the ground and then repeatedly hit Plaintiff in side areas of his upper body with steel toed footwear.

32.     At no time did Plaintiff resist Deputy Cabrera, posed no threat to officers when Defendants used excessive force in arresting him.

33.     Defendants' use of force was objectively unreasonable under the circumstances, including, but not limited to, the absence of reasonable suspicion and/or

probable cause to detain Plaintiff, Plaintiff's clearly compliant behavior and lack of resistance at any time before or during his arrest.

34.    The Plaintiff was backing up, with his hands above his head, when the Defendants Deputy Cabrera and DOES 1-10 grabbed Mr. Stowers, threw him to the ground in a body-slamming fashion jumped on top of him, dropped his knee Plaintiff's head and started beating him while holding to the ground.

35.    In committing these acts, Defendants Deputy Cabrera, DOES 1-10, acted in the course and scope of their employment and under color of state law.

36.    As a direct and proximate result of Defendants' unreasonable and excessive use of force, Plaintiff's clearly established rights under the Fourth Amendment were violated.  Plaintiff suffered general and special damages, including those arising from physical injury, pain and suffering, extreme emotional distress, fear and post-traumatic stress, humiliation, and further damages according to proof at the time of trial.

37.    In committing the acts and omissions alleged herein, Defendants Deputy Cabrera, and DOES 1-10 acted with malice, oppression and fraud.  Accordingly, Plaintiff is entitled to obtain punitive damages from these Defendants in an amount sufficient to punish and deter such conduct, according to proof at the time of trial.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 – Wrongful Seizure, Arrest, and Imprisonment
### (Against Defendants Deputy Cabrera, County, and DOES 1-50)

38.    Plaintiff hereby incorporates the foregoing paragraphs by reference as if the same had been set forth herein in full.

39.    Defendants Deputy Cobrera, and DOES 1-10 violated Mr. Stowers' Fourth Amendment rights when they seized Mr. Stowers, detained him against his will, handcuffed him, placed him in a Sheriff's Department car, and transported him to the San Diego Jail for booking, all without reasonable suspicion and/or probable cause to believe that a crime had been committed.

40.    Notwithstanding Plaintiff's apparent physical damages and his complaining

about severe physical pain and suffering, Mr. Stowers was denied any access to medical assistance and detained for approximately 10 (ten) ten hours until Defendants dropped all charges against him.

41.　In committing these acts, Defendants acted in the course and scope of their employment and under color of state law.

42.　As a direct and proximate result of Defendants' unlawful seizure, detention, arrest, and imprisonment of Plaintiff, Plaintiff suffered general and special damages, including those arising from physical injury, pain and suffering, extreme emotional distress, fear and post-traumatic stress, humiliation, and further damages according to proof at the time of trial.

43.　In committing the acts and omissions alleged herein, Defendants Deputy Cabrera, and DOES 1-10 acted with malice, oppression and fraud.  Accordingly, Plaintiff is entitled to obtain punitive damages from these Defendants in an amount sufficient to punish and deter such conduct, according to proof at the time of trial.

## THIRD CAUSE OF ACTION

### California State Law Tort Claim – False Imprisonment

### (Against Defendants Deputy Cabrera, County, and DOES 1-50)

44.　Plaintiff hereby incorporates the foregoing paragraphs by reference as if the same had been set forth herein in full.

45.　Defendants Deputy Cabrera, and DOES 1-10 violated Mr. Stowers' Fourth Amendment rights when they seized Mr. Stowers, detained him against his will, handcuffed him, placed him in a Sheriff's Department car, and transported him to the San Diego Jail for booking, all without reasonable suspicion and/or probable cause to believe that a crime had been committed.

46.　Notwithstanding Plaintiff's apparent physical damages and his complaining about severe physical pain and suffering, Mr. Stowers was denied any access to medical assistance and detained for approximately 10 hours until Defendants dropped all charges against him.

47.    In committing these acts, Defendants acted in the course and scope of their employment and under color of state law.

48.    As a direct and proximate result of Defendants' unlawful seizure, detention, arrest, and imprisonment of Plaintiff, Plaintiff suffered general and special damages, including those arising from physical injury, pain and suffering, extreme emotional distress, fear and post-traumatic stress, humiliation, and further damages according to proof at the time of trial.

49.    In committing the acts and omissions alleged herein, Defendants Deputy Cabrera, and DOES 1-10 acted with malice, oppression and fraud.  Accordingly, Plaintiff is entitled to obtain punitive damages from these Defendants in an amount sufficient to punish and deter such conduct, according to proof at the time of trial.

## FOURTH CAUSE OF ACTION
### California State Law Tort Claim – Battery
### (Against Defendants Deputy Cabrera, County, and DOES 1-50)

50.    Plaintiff hereby incorporates the foregoing paragraphs by reference as if the same had been set forth herein in full.

51.    Defendants Deputy Cabrera, and DOES 1-10 committed a battery against Plaintiff when, without consent or legal justification, they grabbed Plaintiff's wrists, twisted Plaintiff's limbs, forced Plaintiff to the ground, and/or pressed Plaintiff's face into the ground and beat his mercilessly, including, hitting Plaintiff in side areas of his upper body with steel toed footwear.

52.    Right before Plaintiff's arrest the police demanded that people participating in the peaceful protest stop the protest and leave. Plaintiff tried to comply with the order and leave the place of peaceful protest but found himself surrounded by police officers. Right before his arrest, Plaintiff was walking with his hands above his head showing his intent to obey and reaffirming to the police officers that he presented to danger to anyone.

53.    At no time when Deputy Cabrera, and DOES 1-10 battered Plaintiff could a

reasonable officer in these Defendants' position have believed that Plaintiff posed a threat (either to the officers or to anyone else), nor could a reasonable officer in any of these defendants' position have believed that such force was reasonable necessary to effectuate a detention.

54.    In committing these acts, Defendants Deputy Cabrera, and DOES 1-10 acted in the course and scope of their employment with the Defendant County.

55.    As a direct and legal result of Defendants' battery of Plaintiff, Plaintiff suffered general and special damages, including those arising from physical injury, pain and suffering, extreme emotional distress, fear and post-traumatic stress, humiliation, and further damages according to proof at the time of trial.

56.    In committing the acts and omissions alleged herein, Defendants Deputy Cabrera and DOES 1-10 acted with malice, oppression and fraud.  Accordingly, Plaintiff is entitled to obtain punitive damages from these Defendants in an amount sufficient to punish and deter such conduct, according to proof at the time of trial.

### FIFTH CAUSE OF ACTION

**California State Law Tort Claim – Negligence**

**(Against Defendants County, Sheriff Gore, Deputy Cabrera, and DOES 1-50)**

57.    Plaintiff hereby incorporates the foregoing paragraphs by reference as if the same had been set forth herein in full.

58.    In committing the acts and omissions described herein above, Defendant Deputy Cabrera, and DOES 1-50 breached the duty of care they owed to all individuals, including Plaintiff, to exercise reasonable care (pursuant to California common law and California Civil Code §1714) in the performance of their duties, including their duties to comply with agency orders, policies, regulations, and trainings, thereby proximately and foreseeably causing Plaintiff's injuries, damages, and losses.

59.    In perpetrating the acts and omissions described herein, these defendants knew, or in the exercise of reasonable care and prudence, should have known, that their actions likely would result in Plaintiff suffering harm.

60.     As Sherriff's Deputy Officers, Defendants Deputy Cabrera and DOES 1-10 owed a duty to Plaintiff to avoid assaulting, violently battering, harassing, falsely arresting and imprisoning, and using excessive force against Plaintiff.

61.     As a Sheriff of San Diego County, Sheriff Gore and supervisory DOES owed a duty to Plaintiff to properly train, supervise, and control his subordinate officers, including Defendants Deputy Cabrera, and DOES 1-10, and to prevent them from battering, falsely imprisoning, and violating Plaintiff's civil rights.

62.     Additionally, Sheriff Gore and supervisory DOES owed a duty to Plaintiff to properly review the conduct of his subordinate officers, to discipline and/or punish improper conduct by his subordinate officers, and to refrain from ratifying illegal and unconstitutional conduct by his subordinate officers, including Defendants Deputy Cabrera, and DOES 1-10.

63.     Finally, Defendants Sheriff Gore, Deputy Cabrera, and DOES 1-10, further had a duty to obey all state, local, and federal laws, and to avoid exceeding the scope of their authority in their dealings with Plaintiff.

64.     In performing the acts and omissions alleged herein above, Defendants Sheriff Gore, Deputy Cabrera, and DOES 1-10, breached the duties of care they owed to Plaintiff.   These acts and omissions by Defendants include, but are not limited to, the conduct previously set forth herein and the following specific acts:

a.      Defendants Deputy Cabrera and DOES 1-10's acts in battering, falsely arresting, and using excessive and unreasonable force against Plaintiff;

b.      Defendants Sheriff Gore and supervisory DOES in failing to properly train, supervise, discipline, and control his subordinate officers, including Defendants Deputy Cabrera and DOES 1-10, to prevent them from committing the acts and omissions against Plaintiff alleged herein;

c.      the failure of Sheriff Goren and supervisory DOES to properly review the conduct of Defendants Deputy Cabrera, and DOES 1-10;

d.      the acts of Sheriff Gore and supervisory DOES in negligently hiring

and retaining Defendants Deputy Cabrera, and DOES 1-10 despite knowledge which would have caused a reasonable individual in said supervisory Defendants' position to decline to hire and/or to discharge said officer defendants prior to September 2016;

e.  the acts of Sheriff Gore and supervisory DOES in ratifying and approving the illegal and unconstitutional conduct of defendants Deputy Cabrera and DOES 1-10 after the fact.

65.  As a direct and proximate result of Defendants Deputy Cabrera and DOES 1-10's conduct, Plaintiff suffered general and special damages, including those arising from physical injury, pain and suffering, extreme emotional distress, fear and post-traumatic stress, humiliation, and further damages according to proof at the time of trial.

66.  The acts of failing to control and properly train, and, thereafter, confirming and ratifying the conduct of Defendants Deputy Cabrera, and DOES 1-10 by Sheriff Gore and supervisory DOES were undertaken with the actual and/or constructive knowledge that Plaintiff's physical and emotional distress would thereby increase, and was done with a wanton and reckless disregard for the consequences to Plaintiff.

67.  The acts and omissions committed by Defendants Sheriff Gore, Deputy Cabrera and DOES 1-10 set forth herein constitute violations, inter alia, of California's common law prohibition against negligence, California's negligence statute (California Civil Code §1714), and other state and federal laws.

68.  In committing these acts, defendants Sheriff Gore, supervisory DOES, Deputy Cabrera and DOES 1-10, acted in the course and scope of their employment with the Defendants County.

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Retention, Supervision, and Control

### (Against Defendants County, Sheriff Gore, and DOES 1-50)

69.  Plaintiff hereby incorporates the foregoing paragraphs by reference as if the same had been set forth herein in full.

70.    The Defendant is liable under *respondeat superior* for the negligent acts and omissions of its officers, agents, and/or employees, including DOE Defendants, as set forth in California statutory and common law.  *See* Government Code §815.2(a) and §820(a).

71.    At all times set forth herein, the employees of County, including Sheriff Gore, Deputy Cabera, and all DOES, were acting within the course and scope of their employment and/or agency with the County.  County is liable for both the negligent and intentional acts and omissions of their employees which were committed within the course, and scope of their employment.  *See, e.g., Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202; *Lloyd v. County of Los Angeles* (2009) 172 Cal.App.4th 320, 330.

72.    Supervisory Defendants employed by the County, including Sheriff Gore and supervisory DOES, are liable both for their own negligent acts and omissions and because they failed to properly supervise and control the County employees under their control, including, but not limited to Defendants Deputy Cabrera, and DOES 1-10.

73.    In perpetrating the acts described herein above, Defendants, and each of them, knew, or in the exercise of reasonable care and prudence, should have known, that their actions likely would result in Plaintiff suffering harm, including, but not limited to, physical and mental pain-and-suffering, mental anguish and mental and emotional distress.

74.    At all times relevant to this complaint, Defendants, and each of them, owed a duty to Plaintiff to avoid subjecting him to unreasonable risks of harm while performing their duties.

75.    Defendants County, Sheriff Gore, and supervisory DOE Defendants, breached the duty they owed to Plaintiff by negligently and carelessly hiring, retaining, and promoting, and by failing to properly supervise, train, and control Defendants Deputy Cabrera, and DOES 1-10.

76.    Defendants County, Sheriff Gore, and supervisory DOE Defendants breached the duty they owed to the citizenry, including Plaintiff, by failing to

appropriately discipline, supervise, manage, direct, and/or control, the officers, agents, and employees of the San Diego County Sheriff's Department, including, but not limited to, Defendants Deputy Cabrera, and DOES 1-10.

77.     At all times relevant to this complaint, Defendants County, Sheriff Gore, and supervisory DOE Defendants, and each of them, had actual or constructive knowledge and knew, or, in the exercise of reasonable care, should have known that Defendants Deputy Cabrera, and DOES 1-10, were unfit and/or incompetent, and that this unfitness or incompetence created a particular risk to others, including individuals such as Plaintiff.

78.     The unfitness and/or incompetence of Defendants Deputy Cabrera, and DOES 1-10, harmed Plaintiff.

79.     The negligence of Defendants County, Sheriff Gore, and supervisory DOE Defendants in hiring, supervising, retaining, failing to control, failing to discipline, failing to properly train, and/or retaining Defendants Deputy Cabrera DOES 1-10, was a substantial factor in causing the harm to Plaintiff.

80.     As the direct and proximate result of the negligence of the County, Sheriff Gore and DOES 1-10, Plaintiff sustained the injuries and damages alleged herein.

## SEVENTH CAUSE OF ACTION

### Retaliation – Violation of 42 U.S.C. § 1983

### (Against Defendants County, Deputy Cabrera, and Does 1-50)

81.     Plaintiff re-alleges all prior paragraphs of this Complaint and incorporates said paragraphs herein by reference.

82.     Plaintiff was exercising his First Amendment rights by peacefully protesting - the constitutionally protected activity of assembling and speaking for the purpose of petitioning the government for the redress of grievances. Plaintiff and other citizens were gathered in a public area and made good faith efforts to comply with instructions given by officers to ensure that their presence was lawful.

83.     At all time during protest, right before, and during his arrest, Plaintiff was acting in full compliance with officers' orders. When officers directed protestors to leave

the place of protest, Mr. Stowers started backing up, acting upon officer's order with the intend to comply.

84.    Defendants Deputy Cabrera and DOES 1-50 engaged in violent behavior to remove Plaintiff and other citizens who were protesting and dissuade them from returning. At the time they did so, Defendants Cabrera and DOES 1-50 were performing their duties as officers for the Defendant COUNTY and were acting under color of authority.

85.    Plaintiff and other protestors were arrested and physically punished for exercising their rights. Plaintiff  was treated in a grossly inhumane and degrading manner for the purpose of punishing him for the exercise of his Constitutional rights.

86.    As retaliation for engaging in public discourse, Defendants Deputy Cabrera and DOES 1-50 denied Mr. Strowers access to water and bathrooms, as well as medical help. Although it was apparent that Plaintiff was experiencing severe physical pain and suffering and he explicitly asked for medical assistance. Defendants Deputy Cabrera and DOES 1-50 used these tactics as retaliation and to send a message to the group that they must submit to the authority of law enforcement.

87.    Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants Deputy Cabrera and DOES 1-50 and suffered injuries as a result of the Defendants' actions.

88.    The raid significantly affected the momentum of El Cajon Protest and discouraged Plaintiff to return back to the place of protest after he was released from jail. Mr. Stowers stopped publicly exercising his freedom of speech in any manner after his arrest out of fear of humiliation and physical violence.

89.    Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional relief as the Court deems just.

### **PRAYER FOR RELIEF**

WHEREFORE, the foregoing allegations considered, Plaintiff demands:

a.   that process issue to Defendants and that they be required to respond in the manner allowed by law;

b.   that judgment be rendered in favor of Plaintiff and against Defendants on all causes of action asserted herein;

c.   that Plaintiff be awarded compensatory damages (including economic and noneconomic damages), in amounts to be determined at trial;

d.   that Plaintiff be awarded punitive damages, against the individual defendants only, and in an amount sufficient to deter and make examples out of these individuals, to be determined at trial;

e.   that Plaintiff be awarded reasonable attorney fees, expenses, and costs of suit pursuant to 42 U.S.C. §§ 1983-1988, Civil Code §§ 52.1, et seq., and any other relevant statutory or case law; and

f.   for any and all other relief in law or equity to which Plaintiff may be entitled and which this Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands, under the Seventh Amendment, a trial by jury as to each and every cause of action asserted herein.

KETNER LAW, APC

Dated: June 16, 2017               By: /s/

Marc S Applbaum, Esq.
Attorneys for Plaintiff Rodney Stowers

Complaint for Damages                    16